HOULIHAN v. CORPORATION OF ST. ANTHONY IN NEW BEDFORD.

(Circuit Court, D. Massachusetts. October 30, 1908.)

No. 123.

REFERENCE (§ 87*)—REFERENCE BY CONSENT—RIGHTS OF PARTIES.

A party to an action at law, who has consented to its reference to an auditor "to hear the parties, state the facts, and report the questions of law and evidence relating thereto which either party may request," and who made no request for findings or rulings at the hearing, is not entitled as a matter of right, after the auditor has completed his report and submitted it to the parties for suggestions as to minor details, to make at that time requests for findings such as to require the auditor to re-examine the whole case and prepare a new report.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 87.*]

At Law. On motion to recommit case to auditor.

Williams & Copeland, for plaintiff.

James E. Cotter, Joseph T. Kenney, and Asa P. French, for defendant.

LOWELL, Circuit Judge. The plaintiff contracted with the defendant to build a church for it according to certain specifications and upon certain conditions. When the church was partly built, the defendant alleged a breach of contract by the plaintiff, took the job out of his hands, and finished it by another contractor. The plaintiff brought an action for breach of the written contract. Among other defenses, the defendants set up nonperformance of the contract by the plaintiff, and also the architect's decision against the plaintiff, which was alleged to be final under the terms of the contract. The defendant further filed a declaration in set-off. The case was referred to an auditor under the following rule:

"And now, to wit, February 12, 1905, by agreement of parties, it is ordered by the court that Clarence H. Cooper be and he hereby is appointed auditor in the above-named action, to hear the parties, state the facts, and report the questions of law and evidence relating thereto which either party may request."

The auditor heard the evidence and the arguments of counsel. No requests for findings or rulings were made at the argument. The auditor prepared a careful and elaborate report and notified counsel when it was finished. A correspondence followed between the auditor and counsel, of which I find the fair intent to be this: The auditor agreed to submit the report to counsel for examination and for written suggestions or corrections in small matters of detail. This was his meaning, and this was the meaning which the correspondence would convey to the ordinary man. The defendant's counsel, however (and no bad faith is suggested), filed 160 requests to the auditor. The auditor refused to consider these requests, as beyond the scope of the understanding between himself and the defendant's counsel, and he filed his report at once. The defendant has moved to recommit, and in support of its motion seeks to rely upon the requests above men-

tioned. The plaintiff objects to this course, contending that the requests were filed too late. The defendant's 160 requests in effect asked from the auditor a re-examination of the whole case and the preparation of a report almost altogether new. Proper compensation for the preparation of this report would necessarily be large.

In deciding whether the defendant can rely upon its 160 requests, as upon an absolute legal right, it must first be observed that the defendant's course was so unreasonable, so discourteous to the auditor, so obstructive of the due course of justice, and so productive of unnecessary delay and expense that the considerations must be strong indeed to establish the right. The defendant admits that the auditor might have filed his report at any time without waiting for the defendant's requests, and that this filing would have cut off the defendant's right to submit requests thereafter. Yet the auditor's delay in filing his report was caused solely by an agreement entered into between himself and the defendant. However the defendant's counsel may have understood the meaning of this agreement, it excluded the requests submitted, and left the case open only for minor suggestions of detail. A party to a reference has no right which is so subversive of the prompt and economical course of justice as that here claimed by the defendant.

The defendant is understood to contend that, even if it may not avail itself of its requests as matter of right, yet it may invoke the discretion of the court to recommit the report for errors therein. In order that there may be no failure of substantial justice by reason of any misunderstanding between counsel and auditor, the court has examined the 17 grounds of recommittal alleged by the defendant. In none of them does it find any failure of the auditor which prejudices the defendant. Nothing seems now to be open but the defendant's objections and exceptions, which are mentioned in the auditor's report. In some cases the defendant objected to the introduction of certain testimony before the auditor, and its objections, duly noted, appear in the auditor's report. As these objections were seasonably made, the defendant is entitled to rely upon them at the proper time. If the court shall be of opinion that the auditor erred in admitting any of this testimony, the error can be corrected by proper instructions to the jury at the trial. If, on the other hand, the court shall be of opinion that the auditor excluded any admissible testimony, the defendant may have the benefit of it by introducing it before the jury.

The motion to recommit is denied.